```
           IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JEAN EMMANUEL RODRIGUEZ,<br><br>        Plaintiff,<br><br>  v.<br><br>THE STATE OF NEW JERSEY, et al.,<br><br>        Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action No.<br>18-11500 (JBS/AMD)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, District Judge:**

Plaintiff pro se Jean Emmanuel Rodriguez ("Plaintiff") filed this 42 U.S.C. § 1983 suit alleging that he was falsely arrested by Defendants State of New Jersey, Atlantic County Prosecutor's Office and Egg Harbor Township Police Department (collectively, "Defendants") who, according to Plaintiff, fabricated evidence against him. Since Plaintiff seeks to bring this action in forma pauperis, the Court has an obligation to screen the Complaint under 28 U.S.C. § 1915(e)(2). The Court finds as follows:

    1.    Plaintiff filed the instant Complaint with an application to proceed in forma paupuris. [Docket Item 1.] Based on the information in Mr. Rodriguez's financial affidavit, his application to file this matter without prepayment of fees shall

be **GRANTED** pursuant to 28 U.S.C. § 1915. The Complaint will be filed with the Clerk of Court.

2. Where a Complaint is filed in forma pauperis under 28 U.S.C. § 1915, the assigned Judge must review the Complaint to determine whether the case may proceed. Pursuant to Section 1915(e)(2)(B), the Court, upon a preliminary screening, "shall dismiss the case at any time if the court determines that . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The Court also has "a continuing obligation to assess its subject matter jurisdiction" and may "dismiss a suit sua sponte for lack of subject matter jurisdiction at any stage in the proceeding." Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010). The Court draws the facts of this case from the Complaint and, for the purposes of this screening, accepts the factual allegations as true.

3. The facts alleged in the Complaint can be summarized as follows. Plaintiff alleges Defendant Egg Harbor Township Police Department "made a false report on August 16, 2017" and "received a warrant based on perjured testimony." (Compl. at 3.) According to the Complaint, Plaintiff was then arrested by the Egg Harbor Township Police for allegedly "savagely beat[ing] an elderly man." (Id.) Plaintiff subsequently appeared in the New

2

Jersey Superior Court, where, in front of Judge Rodney Cunningham and Omar Aguiliar, the Egg Harbor Township Police showed a video, which, according to Plaintiff, "show[ed] that the police lied" and "[t]he only truth in their statements was [Plaintiff's] outfit." (Id.) Judge Cunningham then "stated what he saw and [Plaintiff] was released." (Id.)

4. "[W]ith full knowledge of the officers lies," Defendant Atlantic County Prosecutor presented evidence of Plaintiff's alleged crimes and obtained an indictment. (Id.) Plaintiff avers that the Atlantic County Prosecutor initially failed to turn over a medical report and video and that, when such evidence was produced, the video showed that the person in the video was not wearing what the officers had claimed he was wearing in their report, while the medical report "shows no sign of life threatening injuries or perminent [sic] damage." (Id.)

5. The Complaint alleges that Defendants are "trying to set [him] up for a crime [he] did not commit and are trying to hide the officers lies." Plaintiff further claims that his public defender "is not listening and attempting to make [him] go to trial despite the injuries not meet[ing] the define [sic] statute." (Id.) As relief, he requests that the case be dismissed and "the culprits be held responsible," as well as $250,000.00 from each Defendant. (Id. at 4.)

3

6. Plaintiff's claims must be dismissed without prejudice because Plaintiff's claims are barred by the Younger doctrine of abstention, since it appears criminal proceedings are still taking place in state court.

7. In general terms, the Younger abstention doctrine reflects "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982). Under Younger, a federal court should abstain from enjoining state criminal prosecutions, Sprint Comm., Inc. v. Jacobs, 571 U.S. 69, 73 (2013) (internal citation omitted), and abstention is appropriate absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule, Hannah v. Smith, 2014 WL 220556, at *3 (D.N.J. Jan. 21, 2014). The specific elements of Younger abstention are: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989).

8. Here, the Complaint indicates that Plaintiff is facing a criminal prosecution, which aims to vindicate an important state interest (i.e., punishing criminal conduct), and New

Jersey Superior Court offers Plaintiff an adequate opportunity to raise his federal claims, if any. If Plaintiff is dissatisfied with that court's rulings, he may take an appeal within the state court system and, eventually, to the U.S. Supreme Court, if desired. Plaintiff cannot, however, use the federal court system to challenge a state court decision with which he is dissatisfied because the federal court does not exist as an appellate tribunal reviewing state court decisions.

9. Further, if Plaintiff is convicted of these charges, he may not return to this action to challenge the fact or duration of his confinement by means of an action under § 1983; rather he must exhaust his state remedies and then, if appropriate, file a federal habeas application. See Preiser v. Rodriguez, 411 U.S. 475 (1973). Nor can he seek relief under § 1983 if this Court's adjudication would call into question the validity of his criminal conviction, unless his conviction first has been overturned on appeal or in state or federal collateral proceedings. See Heck v. Humphrey, 512 U.S. 477 (1994). Therefore, Plaintiff's challenge to any pending criminal charges arising out of the alleged facts must be dismissed without prejudice for failure to state a claim.

10. For the reasons stated above, Plaintiff's false arrest claim must be dismissed, pursuant to 28 U.S.C. §

1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted. An accompanying Order shall be entered.


**November 26, 2018**              **s/ Jerome B. Simandle**
                                   JEROME B. SIMANDLE
                                   U.S. District Judge

6